USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL WHELAN                                     :
                                                  :
                                                  :
                              Plaintiff(s),       :        13 Civ. 3784 (LGS)
        -v-                                       :
CSX TRANSPORTATION and third party action         :        CIVIL CASE
                                                  :        MANAGEMENT PLAN
                              Defendant(s).       :        AND SCHEDULING
                                                  :        ORDER
                                                  :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ☐ / have not ☑] taken place.

3. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Alternative Dispute Resolution/Settlement

   a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
      Referral to the District's Mediation Program will be appropriate following the completion of expert discovery

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
      The District's Mediation Program or a Magistrate Judge

    c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

> Referral to the District's Mediation Program or a Magistrate Judge will be appropriate following the completion of expert discovery

    d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after **45 days after expert reports** without leave of Court.

6. Amended pleadings may be filed without leave of Court until **45 days after completion of party depositions**.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **December 4, 2013** days from the date of this Order. [Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).]

8. Fact Discovery

    a.     All fact discovery shall be completed no later than **April 19, 2014**. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

    b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **December 15, 2013**.

    c.     Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **December 15, 2013**.

    d.     Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **April 1, 2014**.

    e.     Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **April 5, 2014**.

    f.     Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery

   a. Anticipated types of experts, if any:
   liability experts, medical expert, vocational rehabilitation and human factors experts, economist

   b. All expert discovery shall be completed no later than June 3, 2014.
   [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 8(a) (*e.g.*, the completion of all fact discovery). <u>Omit</u> unless types of experts are identified.]

   c. No later than 30 days prior to the date in paragraph 8(a) (*i.e.*, the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

11. Motions for summary judgment, if any, shall be filed no later than July 3, 2014.
[Absent exceptional circumstances, 30 days after discovery closes.] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule III.A.1, any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery.

12. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the schedule set forth in the Court's Individual Rule IV.B.

13. This case [is ☑ / is not ☐ ] to be tried to a jury.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is 9 days.

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
Defendant CSX and third party defendant Haworth disagree as to the number of inspections permitted of the accident scene and the subject chair and the place of inspection of the subject chair.

Counsel for the Parties:

Philip J. Dinhofer, Esq. of Philip J. Dinhofer, LLC, Attorneys for Plaintiff

Lawrence R. Bailey, Jr., Esq. of Eckert, Seamans, Cherin & Mellott, LLC Attorneys for Defendant CSX

Richard Rubenstein, Esq. of Wilson Elser, Moskowitz, Edelman & Dicker LLP, Attorneys for Third Party Defendant Haworth

Michael D. Kern, Esq. of McCarthy & Associates, Attorneys for Third Party Defendant OES

      This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The next Case Management Conference is scheduled for June 17, 2014 at ~~11 A.M.~~ 10:30 a.m [Ordinarily 14 days after the close of discovery.]

The next joint status letter shall be submitted by ~~April 19, 2014, 20~~. June 10, 2014.

    SO ORDERED.

Dated: November 19, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4