UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

Daniel Whalen,

                Plaintiff,

v.

CSX Transportation, Inc.,

                Defendant.

---

CSX Transportation, Inc.,

                Third-Party Plaintiff,

v.

Haworth Inc. and Office Environments Service Inc.,

                Third-Party Defendants.

---

Docket No.: 13 CV 3784
(LGS)


# MEMORANDUM OF LAW SUBMITTED BY DEFENDANT/THIRD-PARTY PLAINTIFF PURSUANT TO TEXT ORDER DATED 12/30/15

 

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street, Suite 700
White Plains, NY 10606
Tel. No.: 914 286-2805
*Attorneys for Defendant/Third-Party Plaintiff*
*CSX Transportation, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................ 2

CONCLUSION. ....................................................................................................................... 5

**Cases**

*Campbell v. CONRAIL*, No. 05 Civ. 1501, 2009 WL 36889, at *1–2 (N.D.N.Y. Jan. 6, 2009).. 3

*Claar v. Burlington Northern Railroad Co.*, 29 F.3d 499 (9th Cir. 1994) ............................. 2, 3, 4

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ................................................. 2, 3, 4

*Derienzo v. Metropolitan Transportation Authority*, 694 F.Supp.2d 229 (S.D.N.Y. 2010) ........ 3

*Higgins v. Consol. Rail Corp.*, 06 Civ. 0689, 2008 WL 5054224(N.D.N.Y. Nov. 21, 2008) ...... 3

*Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968 (8th Cir.1995)....................................... 3

*In re Conrail Toxic Tort FELA Litig., No. 94-11J*, 1998 U.S. Dist. WESTLAW 465897 (W. D. Pa. Aug. 4, 1998)............................................................................................................... 2

*Marsch v. Exxon Mobil Corp.*, 2005 WL 2246006 (E.D. Missouri, Eastern Division 2005) .. 2, 3

*Mayhew v. Bell S.S*, 917 F.2d 961 (6th Cir. 1990) ......................................................................... 2

*Taylor v. Consolidated Rail Corporation*, 114 F.3d 1189 (Table), 1997 WL 321142 (6th Cir. 1997) .................................................................................................................................. 2, 3 4

*Wills v. Amerada Hess Corp.*, 379 F.3d 32 (2d Cir. 2004) ....................................................... 2, 3

**Rules**

Fed. R. Evid. 702 ........................................................................................................................ 2, 4

**Other Authorities**

45 U.S.C. § 51 ................................................................................................................................ 3

45 U.S.C. § 60 ................................................................................................................................ 3

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
_____

Daniel Whalen,

                        Plaintiff,                          Docket No.: 13 CV 3784
                                                                                             (LGS)

v.

CSX Transportation, Inc.,

                        Defendant.
_____

CSX Transportation, Inc.,

                        Third-Party Plaintiff,

v.

Haworth Inc. and Office Environments Service Inc.,

                        Third-Party Defendants.
_____

## MEMORANDUM OF LAW SUBMITTED BY
## DEFENDANT/THIRD-PARTY PLAINTIFF PURSUANT TO
## TEXT ORDER DATED 12/30/15

This Memorandum is being submitted in response to This Court's December 30, 2015 directive permitting Defendant/Third-Party Plaintiff CSX Transportation, Inc. ("CSXT"), to address the new issue raised by Plaintiff wherein Plaintiff argues that due to a lower burden of proof in an FELA action than in a common law tort action or a Strict Product Liability action, this Court must allow expert testimony in an FELA action that in other contexts would be inadmissible in any other action, including Third-Party action alleging negligence, strict products liability, etc., such as the one involved herein.[1]

---

[1] Please understand Defendant contends Dr. Ketchman's opinions as to latent defect, etc. are admissible. Some of Dr. Ketchman's deposition testimony that Plaintiff may attempt to offer at trial is, however, inadmissible not on Daubert Grounds but on other grounds, which will be addressed at trial or in pre-trial in limine motions.

This Memorandum will address CSXT's position that there is no different body of law governing the admissibility of expert testimony in an FELA action. As is discussed herein, such a contention is without any legal merit and must fall on deaf ears.

## ARGUMENT

Notwithstanding the lower burden of proof that may apply under the FELA Act, a plaintiff proceeding under the Act must nevertheless demonstrate that scientific expert testimony he seeks to offer or rely upon to support his claim is reliable and meets the standard for admissibility under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *See also Wills v. Amerada Hess Corp.*, 379 F.3d 32 (2d Cir. 2004), *Taylor v. Consolidated Rail Corporation*, 114 F.3d 1189 (Table), 1997 WL 321142 (6th Cir. 1997); *Claar v. Burlington Northern Railroad Co.*, 29 F.3d 499 (9th Cir. 1994); *Mayhew v. Bell S.S*, 917 F.2d 961 (6th Cir. 1990); *In re Conrail Toxic Tort FELA Litig.*, No. 94-11J, 1998 U.S. Dist. WESTLAW 465897 (W. D. Pa. Aug. 4, 1998).

In *Wills v. Amerada Hess Corp.*, 379 F.3d 32 (2nd Cir. 2004), this Circuit soundly rejected the contention made herein by Plaintiff. Even though *Wills* involved a maritime lawsuit claiming violation of the Jones Act, the ruling is also applicable in an FELA action, which has the same standard of causation as the Jones Act. In *Wills*, plaintiff maintained that because her burden of proof on the issue of causation is relaxed under the Jones Act, the standards of reliability and credibility used to determine admissibility of expert testimony under Rule 702 and *Daubert* are also relaxed. *Id.* at 46.

In *Wills*, the Court held that although plaintiff therein correctly characterized her burden of proof to establish causation under the Jones Act, plaintiff failed to appreciate that the standards for determining the reliability and credibility of expert testimony is not altered merely because the burden of proof is relaxed. *Id.* at 47; *See also Marsch v. Exxon Mobil Corp.*, 2005

WL 2246006 (E.D. Missouri, Eastern Division 2005); *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968 (8th Cir.1995).

The Second Circuit further relied on both the Sixth and Ninth Circuit decisions involving FELA claims and held that "the standard of causation . . . and the standards for admission of expert testimony under the Federal Rules of Evidence are distinct issues and do not affect one another." *Claar*, 29 F.3d at 503; *Taylor* at WL 321142, at *6–7. The Second Circuit further wrote that "[i]t is well established that the [admissibility of expert testimony] is controlled—even in cases aris[ing] under FELA[, which, like the Jones Act, has a relaxed burden of proof to show causation]—by the Federal Rules of Evidence and the seminal case of *Daubert* ". [internal citation omitted]

In *Derienzo v. Metropolitan Transportation Authority*, 694 F.Supp.2d 229 (S.D.N.Y. 2010), Honorable Judge Leisure confirmed this Court's long standing principal that the relaxed standard of proof in a FELA action does not alter the requirement that when "an injury has multiple potential etiologies, expert testimony is necessary to establish causation." Citing *Campbell v. CONRAIL*, No. 05 Civ. 1501, 2009 WL 36889, at *1–2 (N.D.N.Y. Jan. 6, 2009); *Higgins v. Consol. Rail Corp.*, 06 Civ. 0689, 2008 WL 5054224(N.D.N.Y. Nov. 21, 2008).

In *Taylor*, cited above, a personal injury action arising under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51-60, Plaintiff argued that the court "should allow a doctor to explain possible future effects of an injury with less definiteness than is required of opinion testimony on causation...." *Taylor*, 1997 WL 321142 at *6. However, in ruling that the District Court did not abuse its discretion by precluding such expert testimony regarding causation, the Court of Appeals for the Sixth Circuit held "[w]e cannot accept [Plaintiff's] conclusion .... Plaintiff's proposed standard for admissibility of evidence of causation in FELA

{V0303958.1}                                    -3-

actions ignores the present standard and violates the Federal Rules of Evidence. Indeed such a standard has been proposed by earlier FELA plaintiffs and soundly rejected." *Id.* The Court explained that ". . . the standard of causation under FELA and the standards for admission of expert testimony under the Federal Rules of Evidence are distinct issues and do not affect one another." *Id.* (*citing Claar*, 29 F.3d at 503)) [emphasis added]. The Court concluded:

> Simply put, Taylor has confused the FELA standard of causation with the standard for admission of expert testimony. It is well established that the latter is controlled - even in cases arising under FELA - by the Federal Rules of Evidence and the seminal case of Daubert [citation omitted]. Daubert makes clear that under Rule 702 of the Federal Rules of Evidence, the trial court may admit expert testimony only after the trial judge ensures that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand.

In sum, the district court in the instant case is required to satisfy the requirements of the Federal Rules of Evidence, as interpreted by *Daubert* . . . to determine the admissibility of the testimony of Dr. Ketchman. These requirements are not modified by the relaxed standard of proof in FELA cases. *Taylor,* 1997 WL 321142 at *6-7 (*citing Daubert,* 509 U.S. at 597; *Claar,* 29 F.3d at 503). CSXT contends that the inquiry of the Court as to whether Dr. Ketchman's reports and testimony are admissible under Rule 702 of the Federal Rules of Evidence and *Daubert* remains the same regardless of the level of the burden of proof. In every case, even in an FELA action, to be admissible, an expert's opinion must be based on scientifically reliable methods subject to the requirements of the Rule 702 of the Federal Rules of Evidence and *Daubert*.

## CONCLUSION

Contrary to Plaintiff's contention, there is no different body of law governing the admissibility of expert testimony in an FELA Action. The standard for admitting Dr. Ketchman's testimony is the same in either an FELA Action or the Third-Party Action. It is for this Court, using the same standard, to determine if Dr. Ketchman's testimony is admissible or not.

Dated: New York, New York
       January 7, 2016

>                       Respectfully submitted,
>
>                       ECKERT SEAMANS CHERIN & MELLOTT, LLC
>
>
>                       By: *Lawrence R. Bailey, Jr.*
>                           Lawrence R. Bailey, Jr. Esq. (BRN-301740)
>                           10 Bank Street, Suite 700
>                           White Plains, NY 10606
>                           Tel. No.: 914 286-2805
>                           *Attorneys for Defendant/Third-Party Plaintiff*
>                           *CSX Transportation, Inc.*

## CERTIFICATION OF SERVICE BY ELECTRONIC FILING

I, Laverne L. Michael-Dean, of full age, hereby certifies:

I am employed as a legal secretary with Eckert Seamans Cherin & Mellott. I certify that copies of the: *MEMORANDUM OF LAW SUBMITTED BY DEFENDANT PURSUANT TO TEXT ORDER DATED 12/30/15* was electronically filed to the attorneys named herein below on the date listed below.

Richard H. Rubenstein, Esq.
*Attorneys for Third-Party Defendant Haworth, Inc.*
Wilson Elser
150 East 42nd Street
New York, NY 10017-5639

Philip J. Dinhofer, LLC (Bar #6940)
*Attorney for Plaintiff*
77 N. Centre Ave. - Ste. 311
Rockville Centre, NY 11570

Scott Bermack, Esq.
*Attorneys for Third-Party Defendant Office Environments Service Inc.*
Ropers Majeski Kohn & Bentley PC
750 Third Avenue, 25th Floor
New York, NY 10017

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Laverne L. Michael-Dean

Dated: January 7, 2016