UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL WHALEN,

                             Plaintiff,

        -against-

CSX TRANSPORTATION, INC.,

                           Defendant.
-----------------------------------------------------------------X       13 Civ. 3784 (LGS)(HBP)
CSX TRANSPORTATION, INC.,

                     Third-Party Plaintiff,

        -against-

HAWORTH, INC. and OFFICE ENVIRONMENTS
SERVICE INC.,

                  Third-Party Defendants.

-----------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO MOTION TO PRECLUDE DR. JEFFREY KETCHMAN

Because the defendant CSX, as opponent to the third-party defendant HAWORTH's motion (Docket # 193), was given an opportunity to address plaintiff's memorandum in partial support (Docket #216) as a partial co-opponent (Docket #224), plaintiff does herewith exercise this opportunity to briefly reply to the memorandum submitted by defendant CSX that was filed under Docket #255.  In so doing we note that defendant CSX's Memorandum of Law dated January 7, 2016 fails to earnestly report the full content of the state of the law as pronounced by the Court of Appeals for the Second Circuit regarding the Court's targeted issue, "whether there is a different body of law governing the admissibility of expert testimony in a FELA action?"

Defendant CSX asserts as a 100% absolute that in the Jones Act[1] case of <u>Wills v. Amerada Hess Corp.</u>, 379 F3d 32 (2nd Cir. 2004) the Court of Appeals "soundly rejected the contention herein made by plaintiff". This is not completely true. While it is true that in <u>Wills</u> the Second Circuit found that the relaxed burden of proof with regard to causation does not operate to diminish the <u>Daubert</u> strictures that govern the admission of an expert's testimony, at Footnote 9 of their opinion the Court of Appeals noted that the more relaxed burden of proof in Jones Act & FELA cases may affect <u>Daubert's</u> relevancy inquiry when they said as follows:

> Although we agree with the Sixth and Ninth Circuits that *Daubert* applies in the context of the Jones Act, **we recognize that *Daubert* 's relevancy inquiry may be affected by the reduced statutory burden of proof in such cases.** *See Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1321 (9th Cir.1995) (noting, in the context of remand from the Supreme Court, that, where the burden of proof to establish causation was "by a preponderance of the evidence," **expert testimony that would fail to satisfy *Daubert* 's reliability inquiry might nonetheless satisfy the relevance inquiry because of the reduced burden of proof**). (Emphasis supplied.)

This is exactly what plaintiff has argued within our memorandum in partial support (Docket #216, at page 1), where within our preliminary statement we noted that our following argument was to be predicated upon the issue of relevance, when we said as follows:

> We do, however, oppose the total preclusion of this expert, insofar as that would prevent his **relevant** and reliable testimony in the FELA action. (Emphasis supplied.)

We also took the occasion to summarize the content of our presentation within that memorandum to present the same position, therein defining our argument as being predicated upon the issue of relevance within the head note appearing on page 2, where we said as follows:

---

[1] The United States Supreme Court has readily used as interchangeable the body of case law developed under maritime personal injury cases determined under the Jones Act, 46 USC § 688 with those determined under the railroad's analogous remedial statue, the FELA, 45 USC § 51. See e.g.: <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426, 437 (1958). This is so because the Jones act specifically incorporates the FELA and in so doing also incorporates the FELA's liberal remedial agenda and purpose.

THE MORE LIBERAL STANDARDS OF LAW APPLICABLE TO THE FELA
ESTABLISH THE EVIDENTIARY **RELEVANCE** AND ADMISSIBILITY OF
THE TESTIMONY OF DEFENDANT CSX'S MECHANICAL ENGINEERING
EXPERT, DR. KETCHMAN. (Emphasis supplied.)

Plaintiff's memorandum in partial support does not challenge and therefore readily

concedes the qualifications/credentials, methodology and reliability of defendant CSX's expert,

Dr. Ketchman, who is a duly licensed mechanical engineer.  The sole matters we did discuss

were those explicitly relevant to the FELA action about which Dr. Ketchman reported on and

testified to at his deposition.  Plaintiff's memorandum specifically identified these relevant

FELA particular issues,[2] as follows: 1) Dr. Ketchman's opinions regarding the effect that defects

in the concrete floor would have on the chair; and, 2) the "unsafe" condition that Dr. Ketchman

found when putting weight on the rear portion of the seat bottom that caused the chair's back to

spontaneously free fall backwards without any contact or force being applied to the chair's back,

such that unbeknownst to DANIEL WHALEN the chair's back was already in a reclining motion

before his back ever made contact with it.  To this extent plaintiff merely stated at page 7 of our

memorandum in support (Docket #216):

> In this regard, Dr. Ketchman gives **relevant** testimony not only as to the chair's
> unsafe condition in violation of the FELA and its causation in whole or in part of
> the accident pursuant to the FELA, but he further sets forth a simple layman's test
> that defense a standard of care that any reasonably prudent employer would have
> used under similar circumstances. (Emphasis supplied.)

Thereby properly staying within the parameters of this very narrow exception related to

relevance as carved out by the Court of Appeals, at page 8 plaintiff concludes its memorandum

in partial support with the following statement:

> For all the forgoing reasons, while plaintiff supports the Third Party Defendant's
> motion to preclude Dr. Ketchman from giving testimony solely with regard to the

---

[2] As distinct from the more technical issues of law and fact applicable to the product liability issues raised
by the third party action of which we have no interest in.

3

Third-Party product liability, contribution and indemnification causes of action, given the low and liberal threshold of proof applicable to DANIEL WHALEN's action against the defendant CSX, Dr. Ketchman's **relevant** "expert" testimony should nevertheless be ruled admissible under the significantly lesser standards of law applicable to FELA actions. (Emphasis supplied.)

In view of all the foregoing, it is beyond question that plaintiff's memorandum in partial support (Docket #216) asserts that plaintiff was specifically and exclusively addressing the issue of relevance, the very exception to the strict application of <u>Daubert</u> as explicitly noted by the Court of Appeals may exist in Footnote 9 of <u>Wills</u>.  Given this contrary exception of law within the very appellate decision upon which they rely, the failure of defendant CSX's memorandum (Docket #255) to discuss this controlling exception set forth by the Second Circuit, which stands in derogation of the blanket 100% proposition they state, speaks volumes to the overall propriety of the argument offered by plaintiff's memorandum in partial support.

Returning then to our fair opportunity to answer the Court's very specific question stated by Docket #224 -  "whether there is a different body of law governing the admissibility of expert testimony in a FELA action?" - it is clear that within Footnote 9 of <u>Wills</u> the Court of Appeals indicates that the answer may be a partial yes with regard to the <u>Daubert</u> factor of relevance. Accordingly, we submit that the relevance arguments made by plaintiff's memorandum in partial support which advocate for the lesser and more liberal standards of the FELA are something that the Second Circuit believes the Court should be cognizant of when considering <u>Daubert's</u> various elements.  Therefore plaintiff continues to maintain as we state within both this motion and our motion to sever, there are indeed differing standards of law applicable to the FELA action and the product liability third-party action that have different consequences as to the admissibility of relevant evidence, including relevant expert testimony, to be applied by a Court and jury in the resolution of the differing standards of law applicable to each particular action.

Dated: Rockville Centre, New York
      January 8, 2016

Respectfully submitted,

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500