UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DANIEL WHALEN,                        :

                    Plaintiff,        :    13 Civ. 3784 (LGS)(HBP)

      -against-                       :    OPINION
                                           AND ORDER
CSX TRANSPORTATION, INC.,             :
et al.,
                                      :

                    Defendants.       :
----------------------------------X


        PITMAN, United States Magistrate Judge:


I.   Introduction


        By notice of motion dated December 18, 2015 (Docket

Item ("D.I.") 209), plaintiff moves to sever or dismiss the

third-party claims of defendant CSX Transportation, Inc. ("CSX")

against Office Environments Service, Inc. and Haworth Inc.  As

explained in more detail below, to the extent plaintiff claims

that CSX's third-party claims should be severed because those

claims are legally flawed, plaintiff's motion lacks any legal

basis.  To the extent plaintiff is asserting that the third-party

claims should be severed as a matter of discretion, plaintiff's

arguments also fail.  To the extent plaintiff is seeking the

dismissal of the third-party claims, he lacks standing to seek

dismissal and, therefore, it is not necessary to address the

merits of this aspect of the motion.[1]  Accordingly, plaintiff's motion for severance is denied.

II.  Facts

Plaintiff brings this action under the Federal Employers Liability Act, 45 U.S.C. §§ 51 et seq., alleging that on or about November 8, 2011, while employed by defendant CSX, he was injured while attempting to sit in a Zody Task Chair in the Carman's Office at CSX's Oak Point Yard, located in the Bronx, New York.  According to plaintiff, "when he went to sit in the chair, it suddenly and without warning rapidly reclined all the way backwards, then just as suddenly the chair abruptly jerked back to its original upright position" (Plaintiff's Memorandum of Law in Support of Motion for Spoliation Sanctions, dated Dec. 18, 2015 (D.I. 206)("Plaintiff's Mem.") at 2).[2]  As a result, plaintiff claims to have sustained injuries to his back.  In addition to defending against plaintiff's claims, CSX has brought a third-

---

[1]Although the third-party defendants support plaintiff's motion, they have not themselves moved for dismissal of the third-party claims.  Thus, the only movant is plaintiff.

[2]An accident report prepared by plaintiff himself on the day of the accident describes the incident as follows:  "Sat in Office Chair.  Chair unexpectedly rapidly reclined.  Expecting a fall [I] jerked forward to regain balance" (Personal Injury Report of D. Whalen at 10, annexed as Exhibit 6 to Plaintiff's Mem.).

party action against the chair's seller, Office Environments
Service Inc., and its manufacturer, Haworth, Inc., seeking
contribution and/or indemnity and alleging negligence, breach of
warranty and related claims.

Plaintiff argues that CSX's third-party claims should
be severed because (1) they are barred by the FELA and (2) trying
the FELA and third-party claims to the same jury will result in
juror confusion due to the different legal standards applicable
to each set of claims.[3]

---

[3]In his reply memorandum of law, plaintiff also raises a Due
Process argument (Plaintiff's Reply Memorandum of Law in Support
of Motion to Sever, dated Jan. 11, 2016 (D.I. 262), at 3-4).
Because this argument is first raised in plaintiff's reply
papers, I do not consider it.  The Second Circuit "has made clear
it disfavors new issues being raised in reply papers."  Rowley v.
City of New York, 00 Civ. 1793 (DAB), 2005 WL 2429514 at *5
(S.D.N.Y. Sept. 30, 2005) (Batts, D.J.), citing Keefe v. Shalala,
71 F.3d 1060, 1066 n.2 (2d Cir. 1995), Knipe v. Skinner, 999 F.2d
708, 711 (2d Cir. 1993), Nat'l Labor Relations Bd. v. Star Color
Plate Serv., 843 F.2d 1507, 1510 n.3 (2d Cir. 1988), United
States v. Letscher, 83 F. Supp. 2d 367, 377 (S.D.N.Y. 1999)
(Koeltl, D.J.), Domino Media, Inc. v. Kranis, 9 F. Supp. 2d 374,
387 (S.D.N.Y. 1998) (Kaplan, D.J.), aff'd, 173 F.3d 843 (2d Cir.
1999) and Playboy Enters., Inc. v. Dumas, 960 F. Supp. 710, 720
(S.D.N.Y. 1997) (Kaplan, D.J.), aff'd, 159 F.3d 1347 (2d Cir.
1998).

III.  <u>Analysis</u>

    A.  The FELA Does Not Bar
        Bar Third-Party Claims
        Against Parties that Are
        <u>Not Employees of the Railroad</u>

      Plaintiff's principal argument -- that the FELA pre-
cludes a railroad from seeking indemnity or contribution from
parties who are not employees of the railroad -- is contradicted
by the very cases on which he relies.

      Plaintiff's argument has its genesis in Section 55 of
the FELA which provides:

> Any contract, rule, regulation, or device whatso-
> ever, the purpose or intent of which shall be to enable
> any common carrier to exempt itself from liability
> created by this Chapter, shall to that extent be void.

45 U.S.C. § 55.  Plaintiff's theory appears to be that permitting
a defendant railroad to seek contribution or indemnity is a
device that enables the railroad to exempt itself from liability
and, thus, a railroad's assertion of a third-party claim is
prohibited.

      The fundamental flaw in this argument is that it
equates contribution and indemnity with an exemption from liabil-
ity.  However, "[i]ndemnification against liability is not the
same as exemption from liability."  <u>Mead v. Nat'l R.R. Corp.</u>, 676
F. Supp. 92, 95 (D. Md. 1987).  Contrary to plaintiff's argument,

4

a claim for contribution or indemnity does not even accrue until
the party asserting the claim has paid the underlying liability.
SPV OSUS Ltd. v. UBS AG, 15 Civ. 619 (JSR), 2015 WL 4079079 at *3
(S.D.N.Y. July 1, 2015) (contribution); s.a.r.l. Orliac v.
Winebow, Inc., 595 F. Supp. 470, 473 (S.D.N.Y. 1984) (Canella,
D.J.) (indemnity).  Because the predicate for a contribution or
indemnity claim is a finding that the party seeking contribution
or indemnity is liable, a claim for contribution or indemnity
cannot, as a matter of logic, operate as an to create an exemp-
tion from liability.

One of the principal case on which plaintiff relies is
Norfolk & Western Ry. Co. v. Ayers, 538 U.S. 135 (2003).  It does
not support plaintiff's theories.  In that case, six former
employees of the defendant railroad had contracted asbestosis and
alleged that they had been exposed to asbestos while working for
the railroad.  Two of the plaintiffs also had significant expo-
sure to asbestos while working for other employers.  When the
case was submitted to the jury, the trial court refused the
railroad's "request to instruct the jury to apportion damages
between [the railroad] and other employers alleged to have
contributed to an asbestosis claimant's disease."  538 U.S. at
143.

Although Ayers clearly held that the FELA precludes a railroad from seeking apportionment in response to a claim by an employee, it endorsed the railroad's right to seek contributions from other tortfeasors who may have contributed to plaintiff's injury.  For example, the Court stated its conclusion as follows: "[t]he FELA's express terms, reinforced by consistent judicial applications of the Act, allow a worker to recover his entire damages from a railroad whose negligence jointly caused an injury . . . , thus placing on the railroad the burden of seeking contribution from other tortfeasors."  538 U.S. at 141 (emphasis added).

Similarly, in further support of its conclusion, the Court stated:

> The federal and state reporters contain numerous FELA decisions stating that railroad employers may be held jointly and severally liable for injuries caused in part by the negligence of third parties, and even more recognizing that FELA defendants may bring indemnification and contribution actions against third parties under otherwise applicable state or federal law.  Those third-party suits would have been unnecessary had the FELA itself authorized apportionment.

538 U.S. at 162-63 (footnotes omitted).[4]   The Court's approving

citation of these third-party actions is incomprehensible if the

Court were concluding that the FELA precluded third-party claims

against non-employees.

Finally, in responding to the railroad's argument that

denying apportionment and requiring a railroad to seek contribu-

tion or indemnity through a third-party action would be wasteful,

the Court noted that "FELA defendants may be able to implead

third parties and thus secure resolution of their contribution

action in the same forum as the underlying FELA actions."  538

U.S. at 165 n.23.  Again, the Court's language makes no sense if

the Court were concluding that the FELA categorically precluded a

railroad from seeking contribution or indemnity in an FELA case.

In support of his argument, plaintiff cites a number of

decisions in FELA cases in which a railroad's third-party claims

for contribution or indemnity have been stricken.  Virtually all

---

[4]In a footnote appended to the end of the first sentence of
the passage quoted in text, the Court cited nineteen decisions
from state and federal courts in which railroads asserted third-
party claims and an ALR annotation.  Among the cases cited by the
Court was Patterson v. Pennsylvania R. Co., 197 F.2d 252, 253 (2d
Cir. 1952), an FELA action in which the Court of Appeals for the
Second Circuit affirmed a judgment entered against the third-
party defendant on a railroad's third-party claim for
contribution.  There is no suggestion anywhere in the Ayers
opinion that any of these decisions involving third-party claims
by a defendant railroad violated the FELA.

7

of these cases, however, involve a railroad's claim for contribution or indemnity against a fellow employee of the injured plaintiff.[5]  This is an important distinction because the FELA eliminated the "fellow-servant rule."[6]  Norfolk & Western R.R. Co. v. Ayers, supra, 538 U.S. at 145; Sinkler v. Missouri Pac. R.R. Co., 356 U.S. 326, 329-30 (1958).  Courts have, therefore, routinely dismissed third-party contribution and indemnity claims against a plaintiff's fellow employee because permitting such claims would effectively permit railroads to benefit from the fellow employee rule.  As explained by the court in Waisonovitz v. Metro-N. Commuter R.R., supra, 462 F. Supp. 2d at 294-95:

> Metro-North argues that FELA does not prohibit an employer from seeking contribution or indemnification from a co-employee.  However, the cases cited by Metro-North . . . involve claims of contribution or

---

[5]The cases plaintiff cites that involve a railroad's assertion of a contribution or indemnity claim against plaintiff's fellow employee include In re Nat'l Maint. & Repair, Inc., No. 09-0676-DRH, 2010 WL 456758 (S.D. Ill. Feb. 3, 2010), aff'd nom., Deering v. Nat'l Maint. & Repair, Inc., 627 F.3d 1039 (7th Cir. 2010); Waisonovitz v. Metro-N. Commuter R.R., 462 F. Supp. 2d 292 (D. Conn. 2006); Henson v. Baltimore & Ohio R.R. Co., C.A. No. 84-2346, 1985 U.S. Dist. Lexis 21048 (E.D. Pa. Apr. 4, 1985); Shields v. Consolidated Rail Corp., 81 Civ. 4204 (CBM), 1981 U.S. Dist. Lexis 16734 (S.D.N.Y. Dec. 16, 1981) (Motley, D.J.); Illinois Central Gulf R.R. Co. v. Haynes, 592 So. 2d 536 (Ala. 1991); Stack v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 94 Wash. 2d 155, 615 P.2d 457 (1980)

[6]The fellow-servant rule precluded an employee from suing his employer for injuries sustained as the result of the negligence of a fellow servant.  Coon v. Syracuse & Utica R.R. Co., 5 N.Y. 492, 494 (1851)

indemnification against an outside third-party -- <u>i</u>.<u>e</u>.,
against a non-employee.  Even the case Metro-North
appears to rely on most, <u>Gaulden v. Burlington North-</u>
<u>ern, Inc.</u>, 232 Kan. 205, 654 P.2d 383 (1982), involved
the negligence of a third-party truck driver who was
involved in a crossing accident.  In that case, the
Kansas Supreme Court noted that FELA did not provide
for contribution; however, "[t]he purpose of FELA, to
obligate an employer to pay damages when there is proof
that the employer's negligence played any part in
causing injury to an employee, is not defeated by
permitting the employer to recoup its losses in part or
in full from a third party, when the circumstances and
state law permit."  <u>Id</u>. at 389.  All the other cases
cited by Metro-North similarly allow contribution or
indemnification claims against third-parties who are
not employees of the railroad.

By contrast, since the purpose of FELA is "to
persuade railroad employers to exercise caution in
selecting and supervising its employees," <u>Henson v.</u>
<u>Baltimore & Ohio R.R. Co.</u>, 1985 U.S. Dist. LEXIS 21048,
at *13 (W.D. Pa. 1985) (citing legislative history),
"to permit an employer to seek indemnification . . .
would violate the intent of Congress rather than foster
it." <u>Illinois Central Gulf R.R. Co. v. Haynes</u>, 592
So.2d 536, 540 (Ala. 1991).  Indeed, in construing 45
U.S.C. § 51, the Supreme Court has stated:

> . . . .
>
>       . . . Thus while the common law had generally
> regarded the torts of fellow servants as separate
> and distinct from the torts of the employer, hold-
> ing the latter responsible only for his own torts,
> it was the conception of this legislation that the
> railroad was a unitary enterprise, its economic
> resources obligated to bear the burden of all
> injuries befalling those engaged in the enterprise
> arising out of the fault of any other member en-
> gaged in the common endeavor.  Hence a railroad
> worker may recover from his employer for an injury
> caused in whole or in part by a fellow worker, not
> because the employer is himself to blame, but
> because justice demands that one who gives his

> labor to the furtherance of the enterprise should
> be assured that all combining their exertions with
> him in the common pursuit will conduct themselves
> in all respects with sufficient care that his
> safety while doing his part will not be endan-
> gered.  If this standard is not met and injury
> results, the worker is compensated in damages.

> Sinkler v. Missouri, 356 U.S. 326, 329-30, 78 S.Ct.
> 758, 2 L.Ed.2d 799 (1958).  "It is thus apparent, both
> from the plain language of the statute and from the
> Supreme Court's interpretation thereof, that a railroad
> is liable when injury to an employee results from the
> negligence of a fellow employee."  Shields v. Consoli-
> dated Rail Corp., 1981 U.S. Dist. LEXIS 16734, at *4
> (S.D.N.Y. 1981).  Metro-North's third-party complaint
> is seeking that which FELA prohibits: "requiring an
> employee, rather than a railroad employer, to compen-
> sate other employees for injuries suffered on the job."
> Id. (granting motion to dismiss defendant's counter-
> claim for indemnification against one of the plain-
> tiffs).

Thus, the cases that have dismissed third-party claims against a
plaintiff's fellow employees are immaterial to the third-party
claims asserted here.

The only case cited by plaintiff that warrants separate
discussion is Mancini v. CSX Transp., Inc., No. 08-CV-933, 2010
WL 2985964 (N.D.N.Y. July 27, 2010).  In that case, plaintiff was
injured when a vehicle driven by a fellow employee (Ketterer) was
struck by a third party (Ashwood).[7]  Plaintiff asserted claims
against Ketterer and Ashwood in addition to the defendant rail-

---

[7]The material facts giving rise to the action are set forth
in an earlier decision reported at 2010 WL 1268021 (N.D.N.Y. Apr.
1, 2010).

10

road.   Ketterer and Ashwood settled with plaintiff prior to trial, and the issue before the court was the effect of this settlement on the railroad's third-party claims against Ketterer and Ashwood for indemnity and contribution.  After noting that a "'railroad [in an FELA action] may sue third parties for indemni-fication and contribution,'" 2010 WL 2985964 at *2, quoting Krueger v. Soo Line R.R., No. 02-C-0611, 2005 WL 2234610 at *1 (E.D. Wis. Sept. 12, 2005), the Court held that the railroad's contribution claims against Ashwood and Ketterer were barred by New York General Obligations Law Section 15-108(b) which pre-cludes a settling tortfeasor from both asserting claims for contribution and being the subject of a claim for contribution.[8] 2010 WL 2985964 at *3.  With respect to the railroad's indemnity claim against Ashwood, the Honorable Thomas J. McEvoy, United States District Judge, noted that in order to be liable under the FELA, the fact finder would have to conclude that the railroad

---

[8]Section 15-108 provides in pertinent part:

> (b) Release of tortfeasor.  A release given in good faith by the injured person to one tortfeasor . . . relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.

> (c) Waiver of contribution.  A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.

was guilty of some active negligence.   2010 WL 2985964 at *5.

However, Judge McEvoy concluded that such a finding would pre-

clude an indemnity claim because, Judge McEvoy reasoned, indem-

nity only lies where the indemnitee is free from fault.   2010 WL

2985964 at *5.

I need not resolve whether <u>Mancini</u> controls here.[9]  The

issue before me is severance, not dismissal.   The third-party

defendants here have not entered into any settlement agreement,

and unlike defendant Ashwood in <u>Mancini</u>, they cannot invoke the

protection of New York General Obligations Law Section 15-108.

Thus, even if I make the generous assumption that <u>Mancini</u> pre-

cludes CSX's indemnity claim, <u>Mancini</u> clearly has no effect on

---

[9]There is compelling authority within the Circuit indicating
that a railroad in an FELA action may be entitled to indemnity so
long as it is not guilty of active negligence.  <u>Ratigan v. New
York Cent. R.R. Co.</u>, 291 F.2d 548, 554 (2d Cir. 1961) (suggesting
that railroad may be entitled to indemnity from non-employee
third party where railroad is not guilty of active negligence);
<u>Petty v. New York Cent. R.R.</u>, 322 F. Supp. 1324 (S.D.N.Y. 1970)
(Croake, D.J.), <u>aff'd</u> <u>on</u> <u>opinion</u> <u>below</u>, 438 F.2d 538 (2d Cir.
1971) (railroad indemnified by lessor for defective forklift that
caused railroad employee's injuries).  <u>See</u> <u>also</u> V.G. Lewter,
<u>Right of Railroad, Charged with Liability for Injury to or Death
of Employee under Federal Employer's Liability Act, to Claim
Indemnity or Contribution from other Tortfeasor</u>, 19 A.L.R.3rd 928
§ 2 (originally published 1968) ("where the negligence of the
third party may be called the 'active' or 'primary' negligence
and that of the railroad 'passive' or 'secondary' negligence, it
has generally been held that the railroad against which liability
is sought by its injured employee may recover full indemnity from
the third party").  Plaintiff's memoranda of law does not address
these authorities.

CSX's contribution claims and does not, therefore, require a severance.

Because there is no legal impediment to CSX's third-party claims, plaintiff's contention that severance is mandatory fails.

    B.  Potential Jury Confusion
       <u>Does Not Warrant a Severance</u>

To the extent plaintiff's motion is addressed to the Court's discretion, he has also failed to demonstrate circumstances warranting a severance.

Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party."   While "[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court," <u>New York v. Hendrickson Bros., Inc.</u>, 840 F.2d 1065, 1082 (2d Cir. 1988); <u>accord</u> <u>Deajess Med. Imaging P.C. v. Allstate Ins. Co.</u>, 03 Civ. 3920 (RWS), 2004 WL 2729790 at *2 (S.D.N.Y. Nov. 30, 2004) (Sweet, D.J.); <u>Dawes v. Pataki</u>, 00 Civ. 2829 (SHS), 2004 WL 1562842 at *1 (S.D.N.Y. July 13, 2004) (Stein, D.J.); <u>In re Worldcom, Inc. Sec. Litig.</u>, 02 Civ. 3288 (DLC), 2003 WL 1563412 at *3 (S.D.N.Y. Mar. 25, 2003) (Cote, D.J.), "the Federal courts view severance as a 'procedural device to be employed only in exceptional circumstances.'"

_Wausau Bus. Ins. Co. v. Turner Constr. Co._, 99 Civ. 0682 (RWS), 2001 WL 963943 at *1 (S.D.N.Y. Aug. 23, 2001) (Sweet, D.J.), quoting _Marisol A. v. Giuliani_, 929 F. Supp. 662, 693 (S.D.N.Y. 1996) (Ward, D.J.), _aff'd_, 126 F.3d 372 (2d Cir. 1997); _Cramer v. Fedco Auto. Components Co._, 01-CV-0757E (SR), 2002 WL 1677694 at *1 (W.D.N.Y. July 18, 2002) ("[S]eparate trials are the exception rather than the rule . . . ."); _see_ _United Mine Workers of Am. v. Gibbs_, 383 U.S. 715, 724 (1966) ("[J]oinder of claims, parties and remedies is strongly encouraged" under the Federal Rules of Civil Procedure.).

In choosing whether to exercise its discretion, the district court is guided by "considerations of convenience, avoidance of prejudice to the parties, and efficiency." _Hecht v. City of New York_, 217 F.R.D. 148, 150 (S.D.N.Y. 2003) (Koeltl, D.J.); _accord_ _Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co._, 03 Civ. 7388 (DF), 2005 WL 823884 at *2 (S.D.N.Y. Apr. 7, 2005) (Freeman, M.J.); _Dawes v. Pataki_, _supra_, 2004 WL 1562842 at *1. Thus, courts consider the following factors when determining whether severance is appropriate:

> (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence.

14

Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co., 03 Civ. 3923 (RCC), 2004 WL 1586429 at *1 (S.D.N.Y. July 15, 2004) (Casey, D.J.), citing Preferred Med. Imaging, P.C. v. Allstate Ins. Co., 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004) (Marrero, D.J.) and In re Merrill Lynch & Co., Research Reports Secs. Litig., 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003) (Pollack, D.J.); see also Fed. R. Civ. P. 20(a); Fong v. Rego Park Nursing Home, 95 Civ. 4445 (SJ), 1996 WL 468660 at *2 (E.D.N.Y. Aug. 7, 1996) ("Although Rule 21 is silent about the grounds for misjoinder, courts have held that [claims] are misjoined when they fail to satisfy [the requirements of] Rule 20(a)."); United States v. Yonkers Bd. of Educ., 518 F. Supp. 191, 195-96 (S.D.N.Y. 1981) (Sand, D.J.) (analyzing the appropriateness of severance pursuant to Rule 21 in conjunction with the requirements of Rule 20(a)). An analysis of these factors demonstrates that severance is not appropriate here.

Whether the claims arise out of the same transaction or occurrence. The occurrence that gives rise to the plaintiff's claim and the third-party claims is the alleged malfunctioning of the chair when plaintiff attempted to sit in on November 8, 2011.

Whether the claims present common questions of fact or law. The characteristics of the chair, how and why the chair moved when plaintiff attempted to sit in it and what injuries, if

any, resulted from the accident are questions common to both sets of claims.

Plaintiff and third-party defendants make much of the differences in the legal principles applicable to plaintiff's FELA claims against CSX and CSX's third-party claims and argue that there is a potential for jury confusion and misapplication of the appropriate legal principles.  Third-party defendants argue that the jury may erroneously apply the more liberal FELA standards of negligence and causation to the third-party claims, while plaintiffs argue that the jury may erroneously apply the more stringent breach-of-warranty and products liability standards to plaintiff's FELA claims against CSX.  I do not find these arguments persuasive.

Asking a jury to apply different legal standards to different claims is not unusual in this District.  Juries in this District frequently consider discrimination cases in which plaintiffs assert claims under both Title VII and the New York City Administrative Code despite the fact that the standard for liability is substantially more liberal under the latter than the former.  See Chen v. City University of New York, 805 F.3d 59, 75 (2d Cir. 2015).  Juries also routinely untangle legal and factual issues that are exponentially more complicated than those involved in this case.  For example, in United States v. Parse, 789

16

F.3d 83, 123-24 (2d Cir. 2015), a criminal tax case, the jury was asked to consider 25 counts against one or more of five defendants, requiring 58 separate verdicts.  <u>See also</u> <u>United States v.</u> <u>Al Fawwaz</u>, S7 98 Crim. 1023 (LAK), 2013 WL 3111043 (S.D.N.Y. June 20, 2013) (severance denied in criminal case involving 308 counts against 2 defendants).[10]  Although different legal standards may apply to plaintiff's claims and CSX's claims, those differences are not so great that there is a high probability of jury confusion given the complexity of the cases juries regularly resolve in this District.

Finally, to the extent there is any risk for juror confusion or the misapplication of legal principles, that risk can be minimized by special interrogatories to the jury which will remind them of the standards applicable to each claim.[11]

<u>Whether severance would serve judicial economy</u>. Severance will not serve judicial economy.  Although there may not be a substantial difference between the time required to try

---

[10]All jurors in this District are selected from the same pool.  Thus, the fact that <u>Parse</u> and <u>Al Fawwaz</u> were criminal cases is immaterial.

[11]I also note that a number of judges in this District routinely provide jurors with written copies of the charge and permit the jurors to retain those copies during their deliberations.  If followed here, that practice would provide additional protection against the possible misapplication of the law.

all claims together and the time required to try the third-party
claims separately, separate trials would require the District
Judge assigned to this matter to preside over two separate jury
empanelments, to instruct two juries and to preside over two jury
deliberations.  Thus, severance would create a greater demand on
the time of the Court.  In addition, the facts underlying the
case, i.e., how plaintiff came to be injured, would necessarily
have to be adduced at both trials.  Thus, severance would create
unnecessary demands on judicial time.

       Prejudice to the parties caused by severance.  The only
prejudice cited by counsel is the potential of jury confusion
resulting from the different standards applicable to the main
claims and the third-party claims.  This issue is discussed
above.

       Whether the claims involve different witnesses and
evidence.  Without citing any authority whatsoever, plaintiff
argues that certain expert testimony that may be admissible with
respect to the FELA claims may be inadmissible with respect to he
third-party claims.

       Plaintiff's argument improperly conflates the standards
for the admissibility of evidence under the Federal Rules of
Evidence with the substantive law applicable to the FELA claim
and the third-party claims.  "The standard of causation under

18

FELA and the standards for admission of expert testimony under the Federal Rules of Evidence are distinct issues and do not affect one another."  Claar v. Burlington N. R.R. Co., 29 F.3d 499, 503 (9th Cir. 1994); accord Wills v. Amerada Hess Corp., 379 F.3d 32, 47 (2d Cir. 2004); see also Taylor v. Consol. Rail Corp., 114 F.3d 1189 (table), 1997 WL 321142 at *7 (6th Cir. 1997) ("Simply put, [plaintiff] has confused the FELA standard of causation with the standard for admission of expert testimony. It is well established that the latter is controlled -- even in cases arising under FELA -- by the Federal Rules of Evidence and the seminal case of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)."); DeRienzo v. Metro. Transp. Auth., 694 F. Supp. 2d 229, 235 (S.D.N.Y. 2010) (Leisure, D.J.) ("The relaxed standard of proof applicable to FELA actions does not alter the requirement that expert testimony meet the standards set forth in Federal Rule of Evidence 702."). Thus, the same evidentiary standards apply to all the claims in the case.

Summary.  Virtually all the relevant factors indicate that severance is not warranted in this case.  Severing the

19

third-party claims would only multiply the burden on the Court[12] without any countervailing benefit.

IV.  Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to sever the third-party claims is denied in all respects. The Clerk of the Court is respectfully requested to mark Docket Item 209 closed.

Dated:  New York, New York
        September 14, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[12]Severance would also multiply the burden on the public because it would require the impanelment of two juries.