USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

DANIEL WHALEN,                           :

                Plaintiff,          :     13 Civ. 3784 (LGS)(HBP)

  -against-                              :     OPINION
                                         AND ORDER
CSX TRANSPORTATION, INC., et al.,        :

                Defendants.         :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This is an action brought under the Federal Employers Liability Act in which plaintiff alleges that he sustained injuries when a chair in his workplace unexpectedly reclined and then whipped forward.  One discovery item that remains to be completed is defendant CSX Transportation, Inc.'s ("CSX's") deposition of plaintiff's sole expert, Dr. John K. Houten, a neurosurgeon.  At the time this dispute arose, Dr. Houten lived and worked in Florida, and the parties disagreed as to who should bear the travel costs associated with Dr. Houten's deposition.  According to the web site of Brooklyn's Maimonides Medical Center ("Maimonides") in New York, and a press release issued by Maimonides,[1] Dr. Houten has been the Director Spinal Neurosurgery

---

[1] https://www.maimonidesmed.org/news-events/news-stories?news=65
                                                (continued...)

and Neurotrama at Maimonides since September 2016. Accordingly, the dispute concerning the costs associated with conducting a deposition in Florida is now moot. The parties still have disagreements regarding Dr. Houten's hourly rate, whether CSX should be required to prepay all or part of Dr. Houten's fee for his deposition and plaintiff's application to videotape Dr. Houten's deposition.

    A.  Dr. Houten's Hourly
        Rate for Deposition Time

Although plaintiff seeks an hourly rate of $700 for Dr. Houten's deposition, he has failed to justify this rate.

Rule 26(b)(4)(E) provides that "[u]nless manifest injustice would result . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . ." Fed.R.Civ.P. 26(b)(4)(E). When the dispute concerning Dr. Houten's hourly rate first arose, I issued an Order that set forth the factors relevant to determining an expert witness' reasonable hourly rate (See Order, dated Oct. 2, 2015 (D.I. 166) ("October 2 Order") at 3-4). Because the party retaining the expert bears the burden of

---

[1](...continued)
(last visited Jan. 25, 2017).

demonstrating the reasonableness of the fee sought by the expert, my October 2 Order directed plaintiff to

> submit an affidavit addressing the factors identified [in the cases cited above] and justifying the $700 hour rate sought by Dr. Houten by October 15, 2015. Pending the receipt of that submission and my ultimate resolution of the dispute, Dr. Houten's hourly rate is tentatively set at $500/hour.

(October 2 Order at 4). Inexplicably, plaintiff failed to submit the affidavit he was directed to submit. Rather, plaintiff submitted an unsworn letter in which he argued that Dr. Houten's $700 hourly rate is reasonable because neurosurgeons generally are highly educated and highly paid and because CSX's experts have requested comparable or higher rates (D.I. 169 at 4-6). Plaintiff's general statements are of little help. All physicians are highly educated and, in comparison to the average income in the United States, almost all physicians are highly paid.[2] Further, the fact that plaintiff has not objected to CSX's experts' hourly rates does not render them presumptively

---

[2]According to USA Today, the average overall household income in the United States in 2014 was $65,751, with only 4.2% of the population making more than $200,000.00. http://www.usatoday.com/story/money/personalfinance/2016/11/24/average-american-household-income/93002252/ (last visited Jan. 25, 2017).

reasonable or adequate comparisons.[3]  In short, plaintiff has offered nothing to justify the rate of $700 per hour.

In addition, it appears that a rate of $500 per hour is reasonable.  Neurosurgery is notorious for requiring long hours, with surgeries beginning at 6:00 or 7:00 in the morning and consultations and other duties continuing into the afternoon or early evening.  If I assume that a neurosurgeon averages 60 hours per week for 43 weeks a year (I assume a total of two months vacation and days off) and earns $500,000 per year,[4] the physi

---

[3]Plaintiff also argues that one of my previous decisions supports the hourly rate requested here (D.I. 169 at 5 n.3, citing Giladi v. Strauch, 94 Civ. 3976 (RMB)(HBP), 2001 WL 388052 at *8 (S.D.N.Y. Apr. 16, 2001), abrogated on other grounds, Whalen v. CSX Transp., Inc., 13 Civ. 3784 (LGS)(HBP), 2016 WL 5660381 (S.D.N.Y. Sept. 29, 2016) (Pitman, M.J.).  Plaintiff points out that in that case, I held that the requested daily rate of $2500 was "within the range of reasonableness for a physician's testimony in the New York metropolitan area" partially because other physicians appearing before me had received twice that fee.  Giladi v. Strauch, supra, 2001 WL 388052 at *8.  Plaintiff extrapolates from this holding that Dr. Houten's hourly rate of $700 (translating to a $4900 daily rate for 7 hours) is presumptively reasonable under my previous decision.  Plaintiff misunderstands the decision and his burden of proof.  In Giladi, I found that the rate requested in that case for that expert was reasonable, partially based on the rates requested by similar experts.  The decision did not, however, establish a presumptively reasonable hourly rate for all testifying medical experts.  Here, plaintiff has failed to support the reasonableness of the specific rate requested here or provide examples of rates awarded to other comparable experts.

[4]Based on the anonymous submissions of 14 claimed neurosurgeons, the web site Glassdoor reports that the average salary of a neurosurgeon in the New York metropolitan area is $489,839. https://www.glassdoor.com/Salaries/new-york-city-neurosurgeon-
(continued...)

cian's hourly rate would be approximately $193 ($500,000 ÷ 2580 hours). In the alternative, if I assume 40 hours per week for 43 weeks and an annual salary of $500,000, the hourly rate is $291. If I assume 40 hours per week for 43 weeks and an annual salary of $700,000, the hourly rate is $407. These examples illustrate that an hourly rate of $500 is in excess of what is probably a neurosurgeon's regular hourly rate.

CSX's objection to plaintiff's demand that CSX partially pre-pay Dr. Houten for his deposition time is also sustained. Plaintiff has not addressed this issue in his papers, and there is therefore no justification in the record for this request. To eliminate any uncertainty, I shall order CSX to pay Dr. Houten's invoice within ten business days of receiving it.

    B.  Video Recording of
   Dr. Houten's Deposition

Plaintiff has requested permission to video-record CSX's deposition of Dr. Houten. CSX does not oppose this request, but reserves the right to object to plaintiff's using the deposition as an opportunity to conduct a "trial deposition" that would be used in place of Dr. Houten's live trial testimony (D.I. 170 at 2-3). Plaintiff indicates that this is a "non-issue"

---

[4](...continued)
salary-SRCH_IL.0,13_IM615_KO14,26.htm (last visited Jan. 25, 2017).

because he "has made no application to preserve and perpetuate Dr. Houten's testimony" (D.I. 171 at ¶ 1). Therefore, without expressing any opinion on the admissibility of Dr. Houten's deposition testimony, plaintiff's application to video record CSX's deposition of Dr. Houten is granted.

Conclusion

For the foregoing reasons, CSX's application to fix Dr. Houten's fee and to set the terms on which Dr. Houten is to be paid is granted to the extent that Dr. Houten's hourly rate for deposition and deposition preparation time is set at $500 per hour and CSX is directed to pay Dr. Houten's invoice within ten business days of receiving it. Without expressing any opinion as to the admissibility of such a recording and without prejudice to

any arguments defendants may raise concerning admissibility, plaintiff's cross-motion to video-record Dr. Houten's deposition is granted.  The Clerk of the Court is directed to mark Docket Items 156 and 270 closed.

Dated:  New York, New York
        January 26, 2017

                                        SO ORDERED

                                        /s/ Henry Pitman
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel of Record